IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL P. NEECE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 05-3167 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Michael P. Neece's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). The Government filed a Response to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 5) (Response). For the reasons set forth below, Neece's Petition is denied.

BACKGROUND

Neece was indicted on June 11, 1999, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (d/e 2). On October 1, 1999, Neece appeared before the Court with his counsel and entered a plea

1

of guilty to the offense.

The United States Probation Office prepared a presentence report, which stated that Neece was convicted in 1992 of aggravated battery. This conviction (a crime of violence) caused Neece's base offense level under the United States Sentencing Guidelines (U.S.S.G.) to be 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). Neece received an additional two-level increase in offense level because the firearms he possessed were stolen. Neece received a three-level reduction for acceptance of responsibility, resulting in his adjusted offense level of 19. The presentence report indicated that Neece had 21 criminal history points, placing him in criminal history category VI. Neece received one point in his criminal history because he was on parole at the time of the charged offense; he received two other points because he committed the charged offense within two years of his release from prison. An offense level of 19 and a criminal history category of VI resulted in a sentencing guideline range of 63 to 78 months imprisonment. Neither Neece nor the Government objected to the presentence report.

On April 28, 2000, the Court sentenced Neece to 70 months imprisonment, followed by three years of supervised release. On May 3,

2000, the Court entered a judgment on Neece's sentence. On May 16, 2001, pursuant to Commentary Note 2 of U.S.S.G. § 5G1.3(b), the Court entered an amended judgment, reducing Neece's sentence to 55 months in order to credit him for 15 months previously served in a related state court sentence. Neece did not appeal his conviction or his sentence. Neece served his term of imprisonment and was placed on supervised release. On April 12, 2005, Neece's supervised release was revoked; thereafter, this Court sentenced Neece to 21 months' imprisonment for violating the terms of his supervised release.

## ANALYSIS

Neece filed his Petition on July 1, 2005, and now asks this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on several grounds. First, Neece states that he entered a guilty plea in state court in 1999, to the offense of residential burglary. He claims that his court appointed counsel there erred in waiving Neece's right to a preliminary hearing and suppressed exculpatory evidence and thereby gave ineffective assistance of counsel. He complains that his state court appointed counsel failed to object to the State's request to amend the defect in the charge in another state court case, which was not a formal defect, and

3

coerced him into pleading guilty.

Neece further claims that the state court prosecutors engaged in prosecutorial misconduct by suppressing exculpatory evidence, to wit, the fact that Neece had been invited into the house in question by a relative of the complainant, to attend a party. He claims his Fifth Amendment right to due process and his Sixth Amendment right to the effective assistance of counsel were violated in his state court case. As a result, he claims that his federal conviction is not adequately supported in law and that his sentence in the federal case was enhanced improperly because of the state court convictions. He also claims, generally, that he received ineffective assistance of counsel in the federal court case.

As an initial matter, the Government asserts that Neece's Petition is untimely. The one-year statute of limitation runs from the latest of the four alternative dates:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

4

        newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

    Neece's claim that the state prosecutors acted maliciously and his claims relating to ineffective assistance of counsel are clearly defaulted and barred by the statute of limitations. As stated above, absent certain exceptions that are inapplicable to these claims, a petition for habeas relief must be filed within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. Neece's conviction became final when this Court entered a judgment on his sentence on May 3, 2000. From that point, Neece had a year to attack the validity of his federal conviction and sentence. However, he failed to do so. Neece does not provide any reason why he waited until five years after his 1999 federal conviction to attack the validity of it, other than the assertion that he recently discovered that his state court convictions were illegal. Thus, Neece's Petition is untimely with respect to his claim of prosecutorial misconduct and his claims of ineffective assistance of counsel in the state court proceedings.

5

Neece claims that he recently discovered that his 1998 state conviction was illegal based on the fact that he received ineffective assistance of counsel, and that the prosecutors engaged in misconduct. Therefore, he argues that the Court should not have considered his 1998 state conviction in calculating his federal sentence. However, Neece fails to present any facts explaining the delay in challenging his 1998 state conviction or even what it is that he recently discovered. Indeed, Neece does not explain why he waited more than six years to challenge his state convictions and why he only "recently" became aware of the alleged illegality of his 1998 state conviction.

Further, Neece's claim that his federal court counsel was ineffective for failing to object to the Court's consideration of the state court convictions in computing his federal sentencing is unavailing. Neece himself failed to object to the federal court's considering these state court convictions listed in the presentence report. Any failure of federal defense counsel to object to the Court's considering these convictions did not constitute ineffective assistance. It is proper to count the Petitioner's prior conviction ins obtained with counsel calculating the guideline range for the charged offense. Custis v. United States, 511 U.S. 485 (1994); Ryan v.

United States, 214 F.3d 877, 880 (7th Cir. 2000). In Ryan, the Seventh Circuit stated that "[t]he Sentencing Commission instructed courts to use the fact of prior convictions as conclusive when calculating criminal history. The Commission recognized, as did the Court in Custis, that some recidivist statutes expressly permit contest to the validity of prior convictions. But in the absence of such an independent right of review, the Commission stated, all outstanding convictions must be counted." Ryan, 214 F.3d at 879-80 (internal citations omitted).

Defendants, thus, cannot use sentencing hearings to collaterally attack prior convictions. Neece could have challenged his 1998 state court conviction by appeal or by collateral attack, while he was still in custody. Since he failed to do so, "the time to do it is long gone, and 'principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing.'" Ryan, 214 F.3d at 880 (quoting Custis, 511 U.S. at 497).

Accordingly, this Court was required to consider Neece's prior state court convictions (in which cases Neece was represented by counsel) in enhancing Neece's federal sentence. Therefore, Neece was not prejudiced by his federal court counsel's failure to object to the sentencing

7

enhancement.

Moreover, Neece's claims should not be equitably tolled. Cases have held that "§ 2255's period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling. Even so, equitable tolling is granted sparingly." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); see Nolan v. United States, 358 F.3d 480 (7th Cir. 2004). The Seventh Circuit has held that the threshold necessary to trigger equitable tolling is very high: a litigant must present evidence indicating that extraordinary circumstances far beyond his control prevented him from timely filing his Petition. Id.

Neece has not provided any evidence suggesting that extraordinary circumstances far beyond his control prevented his timely filing. He merely states that he recently became aware of the illegalities of his state court convictions. Such an unsupported assertion is certainly not sufficient to trigger equitable tolling of § 2255's statute of limitation.

THEREFORE, it is clear from the record that Neece is not entitled to habeas relief. Neece's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: October 20, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE